force prior to the adoption of the Constitution of 1894, the petitioner herein has no right to a trial by jury of the issue involved in this matter by reason thereof.

I have been unable to find a case holding that the issue here presented has ever been submitted to a jury, except when it arose in a case which the parties were entitled to try by jury, such as an action for dower, nor has my attention been drawn to any such case by counsel. The authorities appear to me to be opposed to such a holding. Thus in Wood v. Platt, 57 Misc. Rep. 140, 108 N. Y. Supp. 948, on a motion for an order framing issues and directing a trial by jury, the court said:

"The only issue raised by the pleadings in this action is whether the 'plaintiff was married to defendant on or about November 9, 1901. * * * ' There is no authority for the submission of this issue to a jury upon this motion, and the practice of submitting any issue other than that of adultery to a jury in an action of this character has been distinctly disapproved by the Appellate Division of this Department"—citing numerous cases.

In an action for divorce the relationship of husband and wife must be established; hence, if controverted, and the parties were entitled to try that issue by jury, and insisted upon their right to do so, it should be so tried; but in that class of actions it has been uniformly held that the issue of adultery only is triable by jury as a matter of right because of a specific provision of law. Code Civ. Proc. § 1757; Horn v. Horn, 73 Misc. Rep. 14, 130 N. Y. Supp. 591.

The fact that in some actions triable by jury the issue of marriage is involved does not fix the right to have this issue tried by a jury, regardless of the action in which it arises. Wise v. Wise, 159 App. Div. 575, 144 N. Y. Supp. 649; Sands v. Kimbark, 27 N. Y. 147. I am of the opinion that the issue is not one of which the petitioner has a constitutional right of trial by jury, and so hold, thus agreeing with the conclusions reached upon a somewhat similar application in New York county. Matter of Bitter, 154 N. Y. Supp. 977.

The request for a jury trial is denied. So ordered.

---

(92 Misc. Rep. 143)

## In re BOYLE.

### (Surrogate's Court, Kings County. October, 1915.)

TAXATION ⬤⟳900—ORDER FIXING TRANSFER TAX—CLERICAL ERROR—CORRECTION ON APPEAL.

Under Code Civ. Proc. § 2490, subd. 6, authorizing the modification of an order for a clerical error, where it is conceded, on an appeal from an order assessing and fixing a transfer tax, that the administrator's affidavit inadvertently misstated the market value of bank stock belonging to the estate, and that in consequence the tax was assessed on an improper valuation, the error may be corrected, though two years have elapsed since making the order appealed from.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. ⬤⟳900.]

In the matter of the appraisal under the transfer tax acts of the property of James Boyle, deceased. From an order assessing and fixing the transfer tax, an appeal was taken. Order modified.

S. M. & D. E. Meeker, of Brooklyn, for the motion.
Marcus B. Campbell, of Brooklyn, for state comptroller.

KETCHAM, S. Relief is asked in behalf of the administrator against an order made in 1910 fixing the tax upon the transfer of the property of the decedent. Objection is made by the comptroller that the motion cannot be entertained after the lapse of two years from the making of the order.

The affidavit of the administrator in the transfer tax proceeding inadvertently stated that the market value of 114 shares of Manufacturers' National Bank stock, found in the estate, par value 30, at $412, was $47,310, and the report of the appraiser was based on this statement, while in fact the market value of this stock was $30 at 415 per cent. Upon this statement the tax was assessed as if the stock described was of the value of $47,310, instead of the true value of $14,-193. The result was wrong, and the impulse of the law should be to correct it, if possible. To leave the record as it is would leave the parties subject to a tax originally unlawful, and would leave the state in the oppressive attitude towards the citizen. Adjudications are not to be altered lightly; but, while a judgment is a solemn thing, an injustice is more solemn.

This motion must prevail, if the confessed infirmity in the record was the result of a clerical error. Code Civ. Proc. § 2490, subd. 6. The statement upon which the appraiser's report and the surrogate's order were based is conceded to have been a mistake, and, of course, it was a clerical mistake, at least on the part of the affiant. Contrary to the fact, there were introduced into the affidavit of value the figures "412," instead of the figures "415 per cent."

This case falls within Matter of O'Reilly, decided in this court (Surr. Dec. Mar. 26, 1909). There a decree entered upon the settlement of accounts was opened, vacated, and set aside, and the executor allowed to file a new account upon motion made four years after the making of the decree in the accounting. This decision was affirmed by the Appellate Division (136 App. Div. 891, 119 N. Y. Supp. 1037, 1038), and by the Court of Appeals (197 N. Y. 551, 91 N. E. 1118). The only grounds upon which relief was granted were that the accountant had in reliance upon information received by him from his own agents declared in his former account that he was chargeable with certain large sums specified, while in truth the sums so specified greatly exceeded the actual amounts with which he was properly chargeable.

The only meaning of the case is that a clerical error by a party in his representation to a court upon the adoption of which an inaccurate judgment has been made is among the errors which the statute recognizes as the basis for relief even after the expiration of two years.

The order, so far as it depends upon a misstatement of the value of

the stock in question, should be modified, either by a direct resettlement or upon a reference to the appraiser, as the comptroller may elect.

Order modified.